IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 4:06cr00358 SWW |
| | * | |
| | * | |
| | * | |
| TERRANCE OZELLE WATSON a/k/a | * | |
| CADILLAC, | * | |
| | * | |
| Defendant. | * | |

ORDER

Before the Court is defendant Terrance Ozelle Watson's *pro se* motion [doc.#'s 88(2),105] for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon the retroactive application of the crack cocaine penalty reduction imposed by the United States Sentencing Commission, effective March 3, 2008.[1]  The Court has reviewed defendant's case to determine whether he is eligible for a sentence reduction. Based upon such review, the Court concludes that defendant is not eligible for a sentence reduction.

Not every person sentenced for a crack cocaine offense is eligible for consideration for a sentence reduction.[2]  Only those persons currently serving a sentence determined or affected by a sentencing range calculated using the drug quantity table, U.S.S.G. § 2D1.1, are potentially eligible. Even then, there are some defendants for whom the recalculated guideline range, using

---

[1] *See* United States Sentencing Commission Sentencing Guidelines, Amendment 706 (reducing the guideline range for crack cocaine offenses, effective November 1, 2007) and Amendment 711 (making Amendment 706 retroactive, effective March 3, 2008).

[2] *See, generally*, U.S.S.G. § 1B1.10, Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement) (March 3, 2008).

amended § 2D1.1, will be equal to the original guideline range.  In such cases, the defendant's guideline range is not lowered as a result of the retroactive amendment, and there is no basis for the Court to consider whether to exercise its discretion to grant a sentence reduction.  U.S.S.G. § 1B1.10(a)(1).

Defendant pled guilty to conspiracy to distribute crack cocaine and was sentenced to 188 months imprisonment followed by four years of supervised release.  The Court calculated the sentence based on defendant's status as a career offender.   When the offense level for a career criminal from the table set forth in U.S.S.G. § 4B1.1(b) is greater than the otherwise applicable offense level, the offense level from the table shall apply.  *See* U.S.S.G. § 4B1.1(b).  Defendant's ordinary offense level based on drug quantity was 24, and the alternative career offender offense level was 34.  After a three-level reduction for acceptance of responsibility, defendant was sentenced based on a final offense level of 31, a criminal history category of VI, and a corresponding sentencing range of 188 to 235 months.

Because defendant's sentencing range is set according to U.S.S.G. § 4B1.1, his sentence is not derived from or affected by a calculation of crack cocaine quantity under U.S.S.G. § 2D1.1.  Thus, the recent revisions pertaining to crack cocaine quantity do nothing to change defendant's guideline range and do not provide a basis for the Court to reduce his sentence in accordance with 18 U.S.C. § 3582(c).  *See* U.S.S.G. § 1B1.10(a)(2)(B) (Suppl. Mar. 3, 2008) ("A reduction . . . is not authorized under 18 U.S.C. § 3582(c)(2) if–an amended listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.").

Because the determination of defendant's sentence of imprisonment is unaffected by the retroactive crack cocaine amendment, defendant's Motion for Reduction Under 18 U.S.C. §

3582(c)(2) [doc.#88(2), 105] is denied.[3]

IT IS SO ORDERED this 7th day of August 2008.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[3] Defendant also has filed the following additional *pro se* motions: (1) motion for downward departures from guideline sentence [doc.#88(1)]; (2) motion to reduce sentence pursuant to 21 U.S.C. § 851(A)(1) [doc.#96]; (3) motion to support previous motion to reduce sentence pursuant to 21 U.S.C. § 851(a)(1) [doc.#103]; and (4) motion to support previous motion in support of downward departure from guideline sentence [doc.#104]. These motions in essence challenge his status as a career offender and, thus, represent a separate challenge to the sentence imposed by this Court, which defendant has appealed to the Eighth Circuit. As the Eighth Circuit has yet to rule on defendant's appeal, these motions will be denied without prejudice.