IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| TERRANCE OZELLE WATSON a/k/a CADILLAC, | * * * | |
| Petitioner, | * * * | |
| vs. | * * | No. 4:06cr00358 SWW (No. 4:10cv00114 SWW) |
| | * * * | |
| UNITED STATES OF AMERICA, | * * | |
| Respondent. | * | |

## MEMORANDUM AND ORDER

Petitioner Terrance Ozelle Watson a/k/a Cadillac was charged in a six-count indictment with distribution of crack cocaine and conspiracy to distribute crack cocaine as well as use of a communication facility in causing and facilitating distribution of crack cocaine. On November 22, 2006, petitioner, represented by attorney Paul Johnson, pled guilty to Count I of the indictment – conspiracy to distribute crack cocaine – and the remaining counts were dismissed on motion of the government.

Prior to sentencing, petitioner filed a pro se motion for removal of his counsel, which this Court granted by Order dated August 10, 2007. Thereafter, on September 24, 2007, Eric Spencer Buchanan was appointed as petitioner's new counsel following which petitioner, through his new counsel, filed an objection to the Presentence Investigation Report (PSR).

On November 2, 2007, petitioner was sentenced as a career offender under U.S.S.G. §

4B1.1 to 188 months imprisonment in the Bureau of Prisons followed by four years supervised release.[1] Petitioner appealed and on May 11, 2009, the United States Court of Appeals for the Eighth Circuit affirmed petitioner's sentence, holding *inter alia* that one of the felony convictions underlying petitioner's career-offender status–a 1991 Arkansas conviction for false imprisonment in the first degree–was properly counted in the career-offender determination, that petitioner's false-imprisonment conviction was properly considered as a crime of violence for career-offender purposes, that the government did not violate petitioner's rights under 21 U.S.C. § 851 by failing to give him notice of its intent to rely on his prior convictions to subject him to career-offender status, and that petitioner's offense level was unaffected by Guidelines Amendment 706, which lowered the offense level for crack cocaine offenses. *See United States v. Watson*, 332 Fed.Appx. 341 (8th Cir. 2009) (per curiam).

The matter is now before the Court on motion [doc.#128] of petitioner to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 on the following grounds: (1) attorney Paul Johnson rendered ineffective assistance of counsel when, on the day he met with the United States Attorney and Federal Bureau of Investigation officials to discuss a plea deal, Johnson waited outside the building in his car; (2) attorney Eric Buchanan rendered ineffective assistance of counsel when he failed to timely object to the government's untimely filing of the 21 U.S.C. § 851(a)(1) proceeding to establish prior convictions for a sentencing enhancement; (3) the government failed to comply with 21 U.S.C. § 851(a)(1) by not giving him notice that previous convictions were to be relied upon in enhancing his sentence and failing to file an information; and (4) the United States Court of Appeals for the Eighth Circuit committed judicial fraud, structural error, and violated his First

---

[1] Petitioner's sentence was later reduced to a term of 126 months imprisonment following a motion by the government.

Amendment rights, access to the courts, and his Fifth Amendment Due Process Rights. The government has responded in opposition to petitioner's motion. Having considered the matter, the Court denies petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.[2]

I.

The Court first addresses petitioner's claims that attorneys Paul Johnson and Eric Buchanan rendered ineffective assistance of counsel. "A defendant who claims that he received ineffective assistance of trial counsel has the burden to show both that counsel's performance was deficient – *i.e.*, that 'the identified acts or omissions were outside the wide range of professionally competent assistance' despite the 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance' – and that the defendant suffered prejudice – *i.e.*, 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Sanders v United States*, 341 F.3d 720, 721-22 (8th Cir. 2003) (quoting *Strickland v. Washington*, 466 U.S. 668, 689-90, 694 (1984)). In the context of a guilty plea, petitioner needs to show there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *United States v. Wilson*, 114 Fed.Appx. 770 (8th Cir. 2004) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Petitioner also needs to overcome "strong presumptions" of counsel's competence and the voluntariness of his guilty plea based on his representations during the plea

---

[2] Because the record conclusively shows that petitioner is not entitled to relief, the Court decides petitioner's § 2255 motion without conducting an evidentiary hearing. *See Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (holding that a § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).

colloquy. *Id.* (citing *Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (per curiam)).

A.

Petitioner claims attorney Paul Johnson, who represented petitioner before and during his change of plea hearing, rendered ineffective assistance of counsel when, on the day he met with the United States Attorney and FBI agents to discuss a plea deal, Johnson waited outside the building in his car. Petitioner claims that Johnson never got the agreement in writing or verified its details and that he (petitioner) made adverse admissions at the meeting he would not have made had Johnson been present. Petitioner also claims that Johnson never filed any motions on his behalf, never gave him a copy of the PSR to review for possible amendments or objections, and refused to meet with him to discuss his case. Absent Johnson's mistakes, states petitioner, the outcome of his case would have been different.

The Court rejects petitioner's claim of ineffective assistance of counsel on the part of Johnson. Petitioner stated at his change of plea hearing on November 22, 2006, that he fully discussed the matter with Johnson, that he was satisfied with Johnson's advice, that he agreed with the government's characterization of the plea agreement, that no one promised him anything else, that no one was trying to force him to plead guilty, and that he understood the consequences of his pleading guilty. Petitioner also spoke extensively at the sentencing hearing on November 2, 2007, and never raised the issue of Johnson's representation. Petitioner simply has failed to overcome the strong presumption of Johnson's competence and the voluntariness of his guilty plea based on his representations during the plea colloquy.

B.

Petitioner claims attorney Eric Buchanan rendered ineffective assistance of counsel when he failed to timely object to the government's untimely filing of the 21 U.S.C. § 851(a)(1) proceeding to establish prior convictions for a sentencing enhancement.  This claim is without merit, however, as no enhancement under 21 U.S.C. § 851(a)(1) was applied to petitioner's case; rather, petitioner's case involved application of the career offender provisions of the United States Sentencing Guidelines.  In any case, the United States Court of Appeals for the Eighth Circuit determined in petitioner's appeal from his sentence that the government did not violate petitioner's rights under 21 U.S.C. § 851 by failing to give him notice of its intent to rely on his prior convictions to subject him to career-offender status.  Claims that were decided on direct appeal cannot be re-litigated on a motion to vacate pursuant to § 2255.  *United States v. Davis*, 406 F.3d 505, 511 (8th Cir. 2005) (citation omitted).  Petitioner fails to identify any acts or omissions of attorney Eric Buchanan that were outside the wide range of professionally competent assistance.[3]

II.

Petitioner next argues that the government failed to comply with 21 U.S.C. § 851(a)(1) by not giving him notice that previous convictions were to be relied upon in enhancing his sentence and failing to file an information.  Again, however, no enhancement under 21 U.S.C. § 851(a)(1) was applied to petitioner's case; rather, petitioner's case involved application of the career

---

[3] The Court notes that when petitioner was complaining about 21 U.S.C. § 851during the sentencing hearing on November 2, 2007, he was proceeding *pro se*, having stated that he did not want Buchanan to represent him on that point.

offender provisions of the United States Sentencing Guidelines. And, again, the Eighth Circuit determined in petitioner's appeal from his sentence that the government did not violate petitioner's rights under 21 U.S.C. § 851 by failing to give him notice of its intent to rely on his prior convictions to subject him to career-offender status, thus precluding re-litigation of this claim in a motion to vacate pursuant to § 2255. *Davis*, 406 F.3d at 511.

### III.

For his final point, petitioner argues the Eighth Circuit committed judicial fraud, structural error, and violated his First Amendment rights, access to the courts, and his Fifth Amendment Due Process Rights. This claim is not cognizable in a § 2255 motion, however, as the Supreme Court of the United States, not this Court, has jurisdiction to hear appeals from the Eighth Circuit and any claims of alleged error by the Eighth Circuit.

### IV.

For the foregoing reasons, the Court denies petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [doc.#128]. Judgment will be entered accordingly.

IT IS SO ORDERED this 23rd day of March 2010.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE